# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BETTS PATTERSON & MINES PS, | DIVISION ONE |
| Appellant, | No. 79810-3-I |
| v. | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, DEPARTMENT OF REVENUE, | |
| Respondent. | FILED: February 3, 2020 |

DWYER, J. — Betts Patterson & Mines PS (BPM) seeks review of a decision of the Board of Tax Appeals (BTA) wherein the BTA concluded that it had no authority to review BPM's request for a tax refund without BPM first obtaining a final determination regarding its tax liability from the Department of Revenue's Administrative Review and Hearings Division (ARHD). BPM assigns error to that conclusion and requests that we remand this matter to the BTA for review of the merits of BPM's refund request.

While this matter was pending, BPM proceeded with a hearing before ARHD and obtained a final determination regarding its tax liability, rejecting BPM's refund request. BPM has appealed that determination to the BTA, which has accepted the case for review. Thus, BPM has obtained the relief it seeks in the present appeal: BTA review of the merits of its refund request. Therefore, we dismiss this appeal as moot.

I

BPM is a law firm with its primary place of business in Seattle. In 2014, BPM filed a request for a tax refund with the Department of Revenue on the Department's standard application form. BPM's application was assigned to an auditor in the Department's Audit Division. Over the next few years, BPM's certified public accountant corresponded with the assigned auditor regarding the calculation of the tax liability.

In 2017, the auditor concluded that BPM should receive only a portion of its requested refund and sent BPM documentation detailing the differences between the auditor's calculations and BPM's calculations of the tax liability. The documents also provided instructions on how BPM could proceed if it disagreed with the auditor's assessment of its tax liability and desired further review.

Subsequently, BPM filed two administrative appeals. The first (Appeal 1) was filed with ARHD on July 27, 2017. The second (Appeal 2) was a notice of appeal filed directly with the BTA on July 28, 2017. Appeal 2 stated that it was appealing from "the decision of the Washington State Department of Revenue, Determination No. *See Attachment 2.*" Attachment 2 contained some of the auditor's working papers and the paperwork explaining the auditor's calculations. BPM added a coversheet to these documents which it labeled the Department's "Determination."

The BTA conditionally accepted Appeal 2, subject to a decision on whether the BTA had authority to hear the matter. The Department then moved to dismiss Appeal 2 without prejudice, contending that it had not issued a final

determination yet and that the BTA did not have statutory authority to review BPM's appeal until the Department reached such a determination. The BTA agreed, and dismissed Appeal 2 without prejudice.

BPM subsequently sought judicial review of the BTA's decision in King County Superior Court pursuant to the Administrative Procedure Act, chapter 34.05 RCW. The Department moved to dismiss BPM's petition for judicial review, arguing that BPM had failed to exhaust all its administrative remedies under RCW 34.05.534. The superior court agreed and granted the Department's motion. BPM moved for reconsideration, which was denied, and then appealed to this court.

Meanwhile, in Appeal 1, ARHD conducted a hearing and issued a determination in August 2018, denying BPM the relief it requested. The Department then notified BPM of its right to appeal that determination to the BTA. Instead of immediately appealing to the BTA, BPM requested that ARHD reconsider its determination. ARHD then conducted another hearing, but again denied BPM its requested relief. Shortly thereafter, BPM appealed ARHD's determination on Appeal 1 to the BTA.

In response to BPM appealing ARHD's decision on Appeal 1 to the BTA, the Department made a RAP 18.9 motion to dismiss Appeal 2 as moot. A commissioner of this court ruled that Appeal 2 "appears moot" but referred the motion to us for resolution.

II

The Department contends that this appeal is moot and should be dismissed because BPM has already received the relief it seeks in this appeal. We agree.

A case is moot if a court can no longer provide effective relief. In re Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). Moot appeals should generally be dismissed. Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

It is apparent that this appeal is moot. The parties agree that the relief requested herein is to require the BTA to consider the merits of BPM's request for a tax refund.[1] The BTA will do so in its review of Appeal 1. We therefore decline to reach the merits of this appeal.[2]

---

[1] We disregard, as pure speculation, BPM's completely unsupported assertion that we may still provide effective relief because reversing the BTA *might* make the BTA consider the merits of its tax refund request sooner than it will in Appeal 1. BPM has not established that we can provide effective relief.

[2] BPM asserts that if its appeal is moot we should still consider it under the public interest exception. We disagree.

While we may consider moot appeals under what is known as the public interest exception, Westerman v. Cary, 125 Wn.2d 277, 286-87, 892 P.2d 1067 (1994), we decline to do so herein. To determine whether to apply the public interest exception, we consider (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur. Hart v. Dep't of Soc. & Health Servs., 111 Wn.2d 445, 448, 759 P.2d 1206 (1988). These considerations help guide our ultimate inquiry: whether the benefit to the public interest in reviewing a moot case outweighs the harm from an advisory opinion. Hart, 111 Wn.2d at 450.

In this appeal, BPM essentially contends that WAC 458-20-229 and WAC 458-20-100—together requiring a preliminary review of requests for tax refunds by Department auditors that may not be directly appealed to the BTA before undergoing final review by ARHD—are contrary to RCW 82.32.170. BPM thus asserts that we should consider its appeal even if it is moot because it raises a recurring issue critical to the public interest—the proper administrative process for requesting tax refunds. We are not persuaded.

First, an appeal to the BTA is not the statutorily prescribed procedure for seeking revision or review of an agency's rules. If BPM believes the Department has enacted rules inconsistent with its authorizing statutes, it may petition to amend the rule pursuant to RCW 34.05.330 or bring an action challenging the validity of the rule in Thurston County Superior Court pursuant to RCW 34.05.570(2). BPM has alternative means available to challenge the Department's rules; we need not address them in a moot appeal.

The appeal is dismissed.

WE CONCUR:

_Dwyer, J._

_Smith, J._      _Andrus, J._

---

Second, the rules with which BPM takes issue have been in effect for 50 years. Our legislature has twice amended the statute authorizing the Department to accept and review tax refund requests, RCW 82.32.170, without requiring any modification to the rules BPM now challenges. See former RCW 82.32.170, LAWS OF 2013 ch. 23, § 324; LAWS OF 2007, ch. 111, § 111. Furthermore, BPM conceded that it is advancing a novel theory that no other party has ever raised. Both the legislature and the public appear to have long since accepted the validity of the Department's rules. We need not provide any additional guidance in a moot appeal.